IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03275-GPG


ELMER L. CROSS, JR.,

      Plaintiff,

v.

DR. SACHS, (M.D. Denver Health),
UNNAMED FEMALE DR. (MD Denver Health),
DR. WEINTRAUB, (Psych Denver Health),
DR. RILEY, (Psych DCJ),
DR. MOTES, (Psych DCJ),
DR. GAFFORD, (Psych DCJ),
DR. VARGAS, (Psych DCJ), and
JAMES, (Social Worker DCJ),

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Elmer L. Cross, Jr., currently resides in Denver, Colorado.  When he

initiated this action on December 2, 2014 by submitting *pro se* a Prisoner Complaint

(ECF No. 1) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, he was an inmate

incarcerated at the Denver County Jail.

      On December 2, 2014, Magistrate Judge Gordon P. Gallagher entered an order

directing Mr. Cross to submit on the court-approved form a Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his

prison trust fund statement for the six-month period immediately preceding the filing of

the Complaint.  After being granted an extension of time and filing numerous documents

that did not comply with the December 2 Order, Plaintiff filed, on January 27, 2015, a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915

(ECF No. 42), but stated that prison officials would not provide him with a certified copy

of his account statement.  Shortly thereafter, Mr. Cross notified the Court that he was

released from custody on January 26, 2015, and currently resides at St. Francis Center,

2323 Curtis Street, Denver, Colorado 80205.  Although Mr. Cross is no longer a

prisoner, the Court will not require him to submit on the court-approved form an

Application to Proceed in District Court Without Prepaying Fees or Costs, the *in forma*

*pauperis* form to be used by nonprisoners.  Instead, the Court grants the Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 42)

filed on January 27, 2015 based on an inability to prepay fees or give security therefor.

The Court must construe the Complaint liberally because Mr. Cross is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be

read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not act as an

advocate for a *pro se* litigant.  *See id*.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action

at any time if the action is frivolous, malicious, or seeks monetary relief against a

defendant who is immune from such relief.  A claim is frivolous if it "lacks an arguable

basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A legally

frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a

2

non-existent legal interest has been infringed. *Id.* at 327. For the reasons stated below, the Complaint and the action will be dismissed as frivolous.

In the Complaint, Mr. Cross asserts the following claims: "willful, intentional malpractice and participation in cover-up of poisoning and infliction of psych., emotional, and physical suffering" against Defendants Dr. Sachs, Unnamed Female Dr., and Dr. Weintraub (claim one), against Defendants James, Dr. Riley, and Dr. Motes (claim two), against Defendants Dr. Gafford, Dr. Vargas, and James (claim three); and "intentional aggravated attempted murder in the 1st degree by poisoning/cruel and unusual punishment" (claim four). (*See* ECF No. 1 at 5-8).

In support of claim one, Mr. Cross alleges that while incarcerated at the Denver County Jail, Defendants Dr. Sachs, Unnamed Female Dr., and Dr. Weintraub refused to run any toxicology tests despite knowing that Mr. Cross was being poisoned and that these defendants are part of the "cover-up." (*Id.* at 5). In support of claim two, Mr. Cross alleges that Defendant James lied to Dr. Riley and said that Mr. Cross stated that he was suicidal. (*Id.* at 6). He also alleges that Defendant Dr. Riley wrongfully changed his prescription for "psychotropic drugs" and gave orders that placed him in "a camera cell," administered three injections even though he was cooperating, and sent him to Denver Health Hospital so that a prison official could "confiscate my legal work." (*Id.*) Mr. Cross further asserts that Defendant Dr. Motes "is going along with cover-up and justifying why I have no shoes or shower shoes or shower since Oct. 31, 2014 with falsified diagnosis." (*Id.*). In support of claim three, Mr. Cross asserts that Defendant Dr. Gafford "is refusing to move me out of a camera cell and de-class me into general population" because she is "taking orders from the Sheriff's and from the outside" as

part of the "cover-up." (*Id.* at 7).  He also alleges that Officers Leyshon and Maes gave

him poisoned shower shoes and directed prison trustees to place Mr. Cross' food on

poisoned napkins.  (*Id.*).  Mr. Cross further alleges that Defendant Dr. Vargas handed

out poisoned papers during a group therapy session and is participating in the "cover-

up." (*Id.*).  Mr. Cross also asserts that Defendant James will not "facilitate" his lawsuits

and mocks him.  (*Id.* at 8).  He seeks money damages as well as "the revocation of all

medical licenses to practice" and the "arrests, prosecutions, jailing and or prison" of all

Defendants.  (*Id.* at 10).

This is the eighth lawsuit Mr. Cross has filed in this Court concerning his belief

that he is being poisoned by prison officials who allegedly are acting at the direction of

an "unknown/unnamed Federal Agency."  *See Cross v. City of Denver, et al.,* 14-cv-

02793-LTB (D. Colo. Oct. 10, 2014) (dismissed with prejudice as frivolous); *Cross v. Dr.

Crum, et al.,* No. 14-cv-02805-LTB (D. Colo. Oct. 14, 2014) (dismissed for failure to

comply with Court order to file an amended complaint and for failure to prosecute);

*Cross v. City of Denver, et al.,* 14-cv-02872-LTB (D. Colo. Oct. 21, 2014) (dismissed for

failure to comply with Court order to show cause why the action should not be

dismissed as repetitive of No. 14-cv-02793-LTB); *Cross v. Aramark Corp., et al.,* 14-cv-

02902-GPG (D. Colo. Oct. 24, 2014) (currently pending); *Cross v. Sargent Koch, et al.,*

No. 14-cv-02923-LTB (D. Colo. Oct. 28, 2014) (dismissed with prejudice as frivolous);

*Cross v. Sheriff's Deputy Leyba, et al.,* No. 14-cv-02948-LTB (D. Colo. Oct. 30, 2014)

(dismissed with prejudice as frivolous); *Cross v. Sheriff's Deputy Leyshon, et al.,* No.

14-cv-03274-LTB (D. Colo. Dec. 2, 2014) (dismissed with prejudice as frivolous).

Plaintiff persists in bringing multiple lawsuits arising out of the same set of

4

circumstances.  While Plaintiff's claims have to some extent evolved with each new

lawsuit, his cases all stem from the underlying belief that he is the target of a seven-

year campaign of "poisoning" and "harassment / aggitation / defaming / isolating and

ostracizing."

After reviewing the Complaint in the instant action, the Court finds that this case

is repetitive of the other cases Mr. Cross has filed because the claims, parties, and

available relief do not significantly differ between the two actions.  *See Park v. TD*

*Ameritrade Trust Co., Inc.,,* 461 Fed. App'x. 753, 755 (10th Cir. Feb. 14, 2012).

However, the Complaint and action will not be dismissed for that reason.

The Court further finds that Plaintiff's claims (1) are vague, conclusory, and

rambling; (2) do not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure; and (3) do not allege facts that demonstrate how each named

defendant personally participated in the asserted constitutional violations.  At best, the

Complaint is a verbose diatribe that makes little sense, fails to articulate the specific

claims Mr. Cross is asserting, and fails to allege what each Defendant did that allegedly

violated his rights.  Thus, even construing the Complaint liberally, Mr. Cross fails to

provide a short and plain statement of any § 1983 claim.  His vague and conclusory

assertions that the medical professionals are part of the "cover-up" are insufficient to

satisfy the pleading requirements of Rule 8.  As a result, Mr. Cross fails to provide a

short and plain statement of his claims that demonstrate he is entitled to relief in this

action.

The general rule that *pro se* pleadings must be construed liberally has limits and

"the court cannot take on the responsibility of serving as the litigant's attorney in

5

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux &*
*Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d
955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.");
*Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory
allegations that his rights have been violated does not entitle a *pro se* pleader to a day
in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916
(10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court
need accept as true only the plaintiff's well-pleaded factual contentions, not [her]
conclusory allegations." *Hall*, 935 F.2d at 1110.  Because Mr. Cross fails to provide a
clear and concise statement of the claims he is asserting, the Court finds that the
Complaint fails to comply with Rule 8.

Moreover, the Court finds that the claims are factually frivolous.  A claim is
factually frivolous if it depicts "fantastic or delusional scenarios," *Neitzke,* 490 U.S. at
328, or where "the facts alleged rise to the level of the irrational or the wholly incredible."
*Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  The Court finds that Plaintiff's claims
rest on "fantastic or delusional scenarios" whose factual contentions "rise to the level of
the irrational or the wholly incredible."  *See Neitzke*, 490 U.S. at 327-28; *Denton,* 504
U.S. at 33.  Thus, the claims are baseless and Mr. Cross is not entitled to relief in this
action.  The Complaint and the action will be dismissed as frivolous under §
1915(e)(2)(B).

The Court also warns Mr. Cross for a fourth time that "the right of access to the
courts is neither absolute nor unconditional, and there is no constitutional right of
access to the courts to prosecute an action that is frivolous or malicious." *Tripati v.*

6

*Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam).  "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."  *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d at 352).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Andrews*, 483 F.3d at 1077.

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party.  *See* Fed. R. Civ. P. 11(c).  Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management.  *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)).  Deterrence is the primary goal of a sanction.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).  In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable.  *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990).  A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court.  *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v.*

*Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process.  *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981).  These restrictions may be directed to provide limitations or conditions on the filing of future suits.  *Id.*  Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented.  *Tripati*, 878 F.2d at 353-54.  Mr. Cross has the right to notice and to oppose, in writing, the imposition of future restrictions.  *See Tripati*, 878 F.2d at 354.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Cross files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed as frivolous under § 1915(e)(2)(B).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

8

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 42) is granted.  It is

FURTHER ORDERED that all other pending motions are denied as moot.

DATED at Denver, Colorado, this  20th  day of  __February__ , 2015.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court